**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 18 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

MARCO ANTONIO RODRIGUEZ-
AHUMADA,

              Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

              Respondent.

No. 23-1001

Agency No.
A095-718-694

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 7, 2024[**]
Pasadena, California

Before: CALLAHAN, WALLACH,[***] and DE ALBA, Circuit Judges.

    Petitioner Marco Antonio Rodriguez-Ahumada ("Rodriguez"), a native and

citizen of Mexico, petitions for review of the Board of Immigration Appeals'

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Evan J. Wallach, United States Senior Circuit Judge for the Federal Circuit, sitting by designation.

("BIA") order denying his motion to remand to the Immigration Judge ("IJ") for an adjustment of status. We dismiss Rodriguez's petition.[1]

We review questions of law, including whether the agency applied the correct standard of review, de novo. *Tomczyk v. Garland*, 25 F.4th 638, 643 (9th Cir. 2022); *Soto-Soto v. Garland*, 1 F.4th 655, 659 (9th Cir. 2021). We review the BIA's denial of a motion to remand for abuse of discretion. *Alcarez-Rodriguez v. Garland*, 89 F.4th 754, 759 (9th Cir. 2023). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (internal citations and quotation marks omitted).

1. We lack jurisdiction to review a denial of discretionary relief, or any related judgment. 8 U.S.C. § 1252(a); *Patel v. Garland*, 596 U.S. 328, 338–39 (2022). After finding Rodriguez to be ineligible for adjustment of status, the BIA determined that even if he were eligible, he would not merit a favorable exercise of discretion. This determination foreclosed Rodriguez's ability to challenge the denial of his motion to remand. *See INS v. Abudu*, 485 U.S. 94, 105 (1988) ("[I]n cases in which the ultimate grant of relief is discretionary . . . the BIA may leap

---

[1] As the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision.

ahead . . . and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief.").

Rodriguez's reliance on *Wilkinson v. Garland*, 601 U.S. 209 (2020), as supplemental authority is unavailing. Unlike in *Wilkinson*, where the agency denied the petitioner's application on eligibility and thus never reached the ultimate discretionary determination, *see id.* at 218, the agency did reach that determination here.

2. To the extent we could review the denial of Rodriguez's motion to remand, we would conclude that the BIA did not apply an incorrect standard of review. Rodriguez claims that the BIA did not consider the positive factors identified by the IJ when granting voluntary departure, but he fails to appreciate that voluntary departure and "waiver of extreme hardship," are different remedies with different tests. The BIA was not limited to the IJ's findings allowing voluntary departure but could consider the entire record when deciding the motion to remand. *Hassan v. INS*, 927 F.2d 465, 467 (9th Cir. 1991).

Moreover, any error by the agency in considering Rodriguez's eligibility for a remand is harmless because the BIA was entitled to "leap ahead" and make the

ultimate discretionary determination, which is not reviewable. *See Abudu*, 485

U.S. at 105; *see also Patel*, 596 U.S. at 338–39.[2]

**PETITION FOR REVIEW DISMISSED.**

---

[2]     Because we lack jurisdiction to review the BIA's discretionary determination, we need not decide whether Rodriguez was statutorily ineligible for adjustment of status.